# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF ALABAMA

In re:  
MARK TIMOTHY HAMMETT,  

    Debtor.

Case No. 05-30733  
Chapter 13

## ORDER DENYING DEBTOR'S MOTION TO INCUR A DEBT

On December 18, 2006, the debtor filed a motion to incur a debt (Doc. #46). The matter was set for hearing on January 8, 2007. Appearing at the hearing were the debtor, the debtor's attorney, Benton Persons, and the chapter 13 trustee's attorney, Sabrina McKinney.

The debtor owns a 1998 Ford Mustang that he uses in making his daily, 200-mile, round-trip commute to work. He contends that the Mustang is both unreliable and uneconomical. For that reason the debtor seeks authority to borrow money to purchase either a new Kia or Hyundai automobile.[1] Further, the debtor proposes to pay this claim directly instead of through the chapter 13 trustee. The debtor's motion, however, raises a number of concerns.

First, the debtor's confirmed chapter 13 plan does not pay unsecured creditor claims in full. Rather, the plan provides that $1,500 will be prorated among the unsecured creditors. That amounts to payment of only about 4% of these claims.

Chapter 13 plans in which unsecured creditors' claims are not paid in full cannot be confirmed over trustee's or creditors' objections unless all of the debtor's projected disposable income is paid under

---

[1] The debtor is employed by Hyundai Motors in Montgomery, Alabama, and apparently, has the opportunity to purchase a Kia or Hyundai car relatively cheaply.

the plan for three years. See 11 U.S.C. §1325(b)(1)(B).[2] How, then, considering this statutory provision can the court approve the debtor's purchase of a new vehicle from disposable income when he is paying unsecured creditors only 4% of their claims?

This court has, in other cases, approved debtors' requests to incur debts in composition plans. In such cases, however, it was shown that 1) the incurrence of the debt was essential for the debtor to complete the plan (as in instances where the debtor's current vehicle became inoperable and repair was infeasible), and/or 2) in instances where servicing of the new obligation would not increase the overall expenses thereby leaving the disposable income unaffected (as where the purchase of a vehicle actually results in a reduction of expenses when compared to the debtors' current vehicle lease expense).

In the case at bar, it has not been shown that a new vehicle is essential for the debtor to complete the plan. Instead, his desire to buy a new vehicle appears entirely optional and not borne of necessity. Using disposable income for this purpose is improper under the statute.

In addition to the disposable income concern, the debtor's motion lacks the requisite specificity. In particular, the motion does not specify the amount that the debtor intends to borrow nor the amount he would be required to pay in servicing that debt. Further, the motion does not address the issue of the disposition of the debtor's current vehicle, which is still being paid for under the chapter 13 plan.

For these reasons, it is

ORDERED that the debtor's motion to incur a debt is DENIED.

---

[2]This case was filed before the effective date of the *Bankruptcy Abuse Prevention and Consumer Protection Act of 2005* (Pub.L. No. 109-8)(BAPCPA). Hence, the period in which the debtor's disposable income must be paid under the plan is three years rather that the applicable commitment period provided for under BAPCPA.

Done this the 11th day of January, 2007.

                                  /s/ Dwight H. Williams, Jr.
                                  United States Bankruptcy Judge

c: Debtor
   Benton Persons, Debtor's Attorney
   Sabrina L. McKinney, Chapter 13 Trustee's Attorney